UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-387-FDW

| KARL L. COVINGTON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| KENNETH E. LASSITER, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(a). On April 18, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 10). Thus, Plaintiff is proceeding in forma pauperis.

**I. BACKGROUND**

Pro se Plaintiff Karl L. Covington, Jr., a North Carolina prisoner incarcerated at Marion Correctional Institution in Taylorsville, North Carolina, filed this action on December 1, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) Kenneth E. Lassiter, identified as the "overseer" of the "RDU"[1] program for the North Carolina Department of Public Safety; (2) Christian Crawford, identified as the Superintendent of

---

[1] While Plaintiff's pleadings indicate that the "RDU" program is a type of restrictive housing program, neither his Complaint nor the attachments describe the RDU program in full, or what the acronym "RDU" stands for.

programs at Marion Correctional Institution; and (3) Keith Turner, identified as a Unit Manager at Marion. (Doc. No. 1 at 3). Plaintiff alleges the following facts:

> On 5-10-16 I was transferred to Marion C.I. for the RDU Program . . . . Upon arrival the rules were explained as well as the reason for my enrollment in the RDU program. On 5-18-16 I wrote a letter/grievance [to] Mr. Lassiter who is the program overseer as well as a grievance to Mr. Turner the unit manager of my unit.
> On 5-31-16, Mr. Kenneth Lassiter forward a response through Mr. Christian Crawford . . . and we had a verbal discussion. The conversation was that the RDU program is a restrictive housing for control purposes program and the plaintiff is enrolled due to his past disciplinary history. And on 6-1-16 the procedural due process to enroll plaintiff in program will be started soon.
> On 6-1-16, as Mr. Kenneth Lassiter/Christian Crawford said I received a notification of the recommended disciplinary disposition and my first classification hearing out of two. The facility classification is the first classification hearing where they judge on what action is necessary and either deny or agree or overturn it with another decision. . . . The facility classification board is not final it is just the first step. The actual hearing for FCC was on 6-6-16. When they recommended Max/I-Con/ RHCP (which is a control status and restrictive housing).
> On 6-3-16 as of the defendant unit manager Turner acknowledged Plaintiff's letter he sent a policy on RDU explaining that RDU is a program in adherence with conditions of confinement. . . .
> On 6-6-16 at the FCC hearing the taken by authority classification was overturned to RDU. . . . After FCC overturned the initial disposition on 6-1-16 they continued the procedural due process on to the DCA . . . . .
> On 6-14-16 I was notified of my DCA final disposition hearing . . . not for Max/I-Con/RHCP but for RDU.
> On 6-20-16 at the final disposition classification hearing I was enrolled in the RDU program.
> On 8-30-16 Plaintiff received his most recent incarceration summary, . . . show[ing] Plaintiff is not on restrictive housing for control purposes. It also shows Plaintiff is on general population inmate which proves that the control status Max/Icon/RHCP that was overturned on 6-1-16 . . . and the RDU status that the defendants say is a confined or restrictive housing for control purposes program is not the case. So basically the RDU program is violating the Plaintiff's 14th Amendment right because the procedural due process disposition was overturned but was still enforced under a disguised RDU program status.

(Id. at 3-7). Plaintiff also alleges that he is entitled to be classified as having general population status, but that the RDU program is "really another solitary confined program." (Doc. No. 4 at 2). Plaintiff alleges that his "rights were violated due to being

placed on disciplinary solitary confinement after the classification board denied disciplinary control status." (Id.). As relief, Plaintiff seeks "injunctive relief as well as a declaratory judgment to be released from the RDU program and transferred to Maury C.I. and relieved of the disciplinary program." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Although his claim is not entirely clear, Plaintiff appears to be alleging that he is being held at the wrong custody level in violation of his due process rights because he is effectively being held in solitary confinement even though prison officials determined at a security classification hearing that he was entitled to be confined as part of the general population. In Wilkinson v. Austin, 545 U.S. 209 (2005), the Supreme Court found that under the Due Process Clause of the Fourteenth Amendment, inmates are entitled to certain process before being

3

ordered to serve an indefinite term in conditions which essentially amount to solitary confinement. That process includes: (1) advance notice of the basis for consideration of placement in solitary confinement; (2) a fair opportunity for rebuttal; and (3) a short statement of reasons for placement in solitary confinement. Id. at 225-26. Here, taking Plaintiff's allegations as true and construing all inferences liberally in his favor, the Court finds that this matter survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.[2]

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED** at this time because it is premature.

3. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: May 19, 2017

Frank D. Whitney
Chief United States District Judge

---

[2] The Court will not adjudicate Plaintiff's pending motions for preliminary injunction and motion to compel policy until Defendants are served in this matter and have the opportunity to address these motions. See (Doc. Nos. 8, 12).